# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| TAMMY HARRISON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ENCORE CAPITAL GROUP, INC.; ) | Case No. 4:16-cv-00442-RBH |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC.; MIDLAND ) | |
| FUNDING, LLC; CLARKSON LAW ) | |
| FIRM, LLC, AND WYLIE ) | |
| CLARKSON, AN INDIVIDUAL. ) | |
| ) | |
|     Defendant. ) | |
| ) | |

### DEFENDANTS ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., AND MIDLAND FUNDING, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Encore Capital Group, Inc. ("Encore"), Midland Credit Management, Inc. ("MCM"), and Midland Funding, LLC ("Midland Funding") (collectively, "Defendants") submit this Answer and Defenses to the Amended Complaint filed by Plaintiff Tammy Harrison (utilizing the headings of Plaintiff's Amended Complaint for the sake of clarity, though not adopting them) as follows:

1. Defendants admit that Plaintiff purports to bring claims under the Fair Debt Collection Practices Act ("FDCPA") and state law theories, but denies all remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

2.     Defendants admit that this Court has subject matter jurisdiction over this action and that venue is proper, but deny any remaining allegations in Paragraph 2.

## PARTIES

3.     Upon information and belief, Defendants admit that Plaintiff is a natural person resident of this judicial district. Defendants lack sufficient knowledge or information at this time of whether Plaintiff meets the statutory definition of "consumer" therefore denies that allegation.

4.     Encore admits that it is organized under the laws of the state of Delaware, that its principal place of business is in California, and that it may be served with process through its registered agent, but denies all remaining allegations in Paragraph 4.

5.     MCM admits that its principal place of business is in California and that it may be served with process through its registered agent. MCM further admits that, under certain circumstances, it may meet the FDCPA's definition of a "debt collector," but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff, and therefore denies the allegation and the remaining allegations in Paragraph 5.

6. Midland Funding admits that it is organized under the laws of Delaware and that it may be served with process through its registered agent, but denies all remaining allegations in Paragraph 6.

7. Paragraph 7 contains no allegations against Defendants, thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 7, and therefore deny them.

8. Paragraph 8 contains no allegations against Defendants, thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 8, and therefore deny them.

9. Denied as to Defendants Encore, MCM and Midland Funding. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 9 pertaining to the other defendants, and therefore deny them.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Paragraph 15 contains no allegations against Defendants, thus no response is required.

16. Paragraph 16 contains no allegations against Defendants, thus no response is required.

## FACTUAL ALLEGATIONS

17. Denied.

18. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and therefore deny them.

19. Denied as stated to the extent Paragraph 19 implies that Midland had a duty to provide validation, because Midland has no record that Plaintiff requested validation.

20. Paragraph 20 contains no allegations against Defendants, thus no response is required. To the extent a response is required, admitted that, to the best of its knowledge, Clarkson Law Firm, LLC ("Clarkson") sent correspondence to Plaintiff in December 2014 and that the correspondence speaks for itself.

21. Paragraph 21 contains no allegations against Defendants, thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore deny them.

22. Denied as stated to the extent Paragraph 22 implies that Midland had a duty to provide validation, because Midland has no record that Plaintiff requested validation.

23. Paragraph 23 contains no allegations against Defendants, thus no response is required. To the extent a response is required, admitted that, to the best of its knowledge, Clarkson sent correspondence to Plaintiff in February 2015 and that the correspondence speaks for itself.

24. Admitted that Clarkson filed suit against the Plaintiff on behalf of Midland Funding (but not Encore or MCM), that the lawsuit sought to collect $5,880.58, and that the lawsuit was filed in Darlington County Court of Common Pleas with the case number 15-CP-16-0137 ("the collection lawsuit"). Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

25. Paragraph 25 contains no allegations against Defendants, thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 25, and therefore deny them.

26. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 26, and therefore deny them.

27. Admitted that Clarkson served Interrogatories and Requests for Production of Documents ("discovery requests") to Plaintiff on behalf of Midland

5

Funding (but not Encore or MCM) on or about May 8, 2015 and that the discovery requests and other documents referenced in Paragraph 27 speak for themselves.

28.	Paragraph 28 contains no allegations against Defendants, thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 28, and therefore deny them.

29.	Paragraph 29 contains no allegations against Defendants, thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and therefore deny them.

30.	Admitted that Clarkson filed a Motion for Summary Judgment on behalf of Midland Funding (but not Encore or MCM) in the collection lawsuit on or about August 4, 2015. Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31.	Denied.

32.	Admitted that Clarkson filed an affidavit in the collection lawsuit signed by Tanya Johnson on December 30, 2015 and that the affidavit speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 32.

33.	Denied as to Encore and MCM. Midland Funding admits that the collection lawsuit is still being prosecuted on its behalf, but denies that the statute

6

of limitations has run on the debt and denies any remaining allegations of Paragraph 33.

34. Admitted as to MCM, denied as to Encore and Midland Funding.

35. Paragraph 35 contains no allegations against Defendants, thus no response is required. In any event, the Amended Complaints contains no claims for alleged violation of the Telephone Consumer Protection Act (TCPA).

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted that Clarkson submitted the affidavit of Lily Haas and that the affidavit speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## **COUNT ONE**
Fair Debt Collection Practices Act

49.     Defendants restate and incorporate the responses to Paragraphs 1 – 48 above as if fully set forth herein.

50-61.  Denied as to defendants Encore, MCM, and Midland Funding. Defendants are without sufficient knowledge or information to admit or deny the allegations as to the other defendants, and therefore deny them.

## **COUNT TWO**
Abuse of Process

62.     Defendants restate and incorporate the responses to Paragraphs 1 – 61 above as if fully set forth herein.

63-66.  Denied as to defendants Encore, MCM, and Midland Funding. Defendants are without sufficient information to admit or deny the allegations as to the other defendants, and therefore deny them.

## **COUNT THREE**
Invasion of Privacy

67.     Defendants restate and incorporate the responses to Paragraphs 1 – 66 above as if fully set forth herein.

68.     Paragraph 68 contains a legal conclusion to which no response is required.

69-72.  Denied.

## COUNT FOUR
Negligent Training and Supervision

73. Defendants restate and incorporate the responses to Paragraphs 1 – 72 above as if fully set forth herein.

74. Paragraph 74 contains a legal conclusion to which no response is required. To the extent a response is required, denied as stated.

75. Denied that Defendants inadequately or improperly trained or supervised any employees or that Defendants acted improperly or unlawfully in any manner towards Plaintiff. Defendants deny the remainder of the allegations in Paragraph 75.

76. Denied.

77. Denied.

## COUNT FIVE
Reckless and Wanton Training and Supervision

78. Defendants restate and incorporate the responses to Paragraphs 1 – 77 above as if fully set forth herein.

79. Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, denied as stated.

80. Denied that Defendants inadequately or improperly trained or supervised any employees or that Defendants acted improperly or unlawfully in any manner towards Plaintiff. Defendants deny the remainder of the allegations in Paragraph 80.

81. Denied.

82. Denied.

83. Denied.

## AMOUNT OF DAMAGES DEMANDED

Defendants deny that Plaintiff is entitled to the relief requested herein, or any relief whatsoever from Defendants.

## UNLESS EXPRESSLY ADMITTED IN ONE OF THE FOREGOING PARAGRAPHS, ALL MATERIAL ALLEGATIONS OF THE AMENDED COMPLAINT ARE DENIED.

## DEFENSES

1. Some or all of Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. To the extent Paragraphs 56 and/or 57 in Count One are based upon implied misrepresentations, Count One (or portions of Count One) fails to state a claim upon which relief can be granted.

3. To the extent Plaintiff's claims are subject to binding, mandatory arbitration, Defendants do not waive and, in fact, expressly reserve the right to compel arbitration prior to substantially invoking the litigation process.

4. Defendants plead that any alleged violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

5. To the extent Count One is based on averments or statements contained in the collection lawsuit, Plaintiff's claims are not actionable due to the qualified and/or absolute litigation privilege.

6. In response to Count Three for invasion of privacy, and allegations related to the same, Defendants did not invade Plaintiff's private activities or solitude in such a manner as to constitute unlawful conduct or otherwise to outrage or cause mental suffering, shame, or humiliation. Alternatively, any such invasion would not offend a person of ordinary sensibilities.

7. To the extent Count One seeks damages related to alleged conduct that occurred prior to February 12, 2015, such claims are barred by the statute of limitations.

9. To the extent Counts Two – Five seek damages related to alleged conduct that occurred prior to February 12, 2013, such claims are barred by the statute of limitations.

10. Any recovery is barred, or must be reduced, based on the principles of waiver, consent, acquiescence, and/or estoppel.

11. Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself or resulted from Plaintiff's own inattention, which equaled or exceeded any alleged wrongdoing by Defendants.

12. Plaintiff's claims may be barred or limited to if she willfully concealed facts.

13. Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

14. Defendants assert the affirmative defense of comparative negligence or comparative causation, and asserts that any judgment against any of the Defendants should be reduced by the degree of negligence or causation attributed to Plaintiff or any other person.

15. Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the Due Process Clause of the United States Constitution, and violate the Constitution and laws of South Carolina.

16. Defendants reserve the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

Respectfully submitted this 18th day of March, 2016.

/s/ *Robert L. Brown*
Robert Lesley Brown
CLAWSON AND STAUBES, LLC
1612 Marion Street
Suite 200
Columbia, South Carolina 29209
Telephone: (800) 774-8242
Facsimile: (843) 722-2867
E-mail: rbrown@clawsonandstaubes.com

**OF COUNSEL:**
Robert Lesley Brown
CLAWSON AND STAUBES, llc
1612 Marion Street
Suite 200
Columbia, SC
Telephone: (800) 774-8242
Facsimile: (843) 722-2867
E-mail: rbrown@clawsonandstaubes.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

HAYS CAULEY, P.C.
1303 W. Evans St.
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

.