UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO: 4:16-cv-00442-RBH

| | |
|---|---|
| Tammy Harrison, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Encore Capital Group, Inc.; Midland Credit )<br>Management, Inc.; Midland Funding, LLC; )<br>Clarkson Law Firm, LLC and Wylie Clarkson, )<br>an individual, )<br>)<br>Defendants. )<br>_____ ) | **ANSWER OF CLARKSON LAW FIRM, LLC AND WYLIE CLARKSON TO AMENDED COMPLAINT** |

Clarkson Law Firm, LLC (hereinafter referred to as "Law Firm") and Wylie Clarkson (hereinafter referred to as "Clarkson") answer the Amended Complaint of Plaintiff as follows:

**FOR A FIRST DEFENSE**

1. These Defendants deny each and every allegation contained in the Amended Complaint not specifically admitted herein.

2. These Defendants admit only so much of the allegations contained in Paragraph 1 of the Amended Complaint as could be construed to allege that Plaintiff purports to bring claims under the Fair Debt Collection Practices Act "(FDCPA") and South Carolina common law, but deny all other allegations contained in said Paragraph inconsistent with or in addition to the above admissions.

3. These Defendants admit only so much of the allegations contained in Paragraph 2 of the Amended Complaint as could be construed to allege that this court has subject matter jurisdiction over this action and that venue is proper, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions.

4. Based on information and belief, these Defendants admit only so much of the allegations contained in Paragraph 3 of the Amended Complaint as could be construed to allege that Plaintiff is a resident and citizen of the State of South Carolina, Florence County, but lack sufficient knowledge or information upon which to form a belief as to the remaining allegations contained in said paragraph and therefore deny the same.

5. Paragraphs 4, 5 and 6 of the Amended Complaint contain no allegations against these Defendants, thus no response is required. To the extent a response is required, these Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in said paragraphs and therefore deny them.

6. These Defendants admit only so much of the allegations contained in Paragraphs 7 and 8 of the Amended Complaint as could be construed to allege that Law Firm is a South Carolina corporation which may be served with process through its registered agent and that Clarkson is a resident of the State of South Carolina and is licensed to practice law in South Carolina. These Defendants further admit that, under certain circumstances, they may meet the FDCPA's definition of a "debt collector," but lack sufficient knowledge or information upon which to form a belief as to whether those circumstances exist with respect to Plaintiff, and therefore deny all other allegations contained in said paragraphs inconsistent with or in addition to the above admissions.

7. These Defendants deny the allegations contained in Paragraphs 9, 10, 11, 12, 13 and 14 of the Amended Complaint.

8. Paragraphs 15 and 16 of the Amended Complaint contain no allegations against these Defendants, thus no response is required.

9. These Defendants lack sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraphs 17, 18, and 19 of the Amended Complaint and therefore deny the same.

10. These Defendants admit only so much of the allegations contained in Paragraph 20 of the Amended Complaint as could be construed to allege that Law Firm sent a letter to the Plaintiff in December 2014, and that the correspondence speaks for itself, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and specifically deny characterizations of the letter contained in said paragraph.

11. These Defendants lack sufficient knowledge and information upon which to form a belief as to the allegations contained in Paragraph 21 of the Amended Complaint because these Defendants have no record of receipt of such letter on or around the date set forth in Paragraph 21 of the Amended Complaint, and therefore deny the allegations contained in said paragraph.

12. These Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint since it implies that Law Firm or Clarkson had a duty to provide validation, because Law Firm has no record that Plaintiff requested validation on or around December 30, 2014.

13. These Defendants admit only so much of the allegations contained in Paragraph 23 of the Amended Complaint as could be construed to allege that Law Firm sent a letter to the Plaintiff in December 2014, and that the correspondence speaks for itself, but deny all other allegations contained in said paragraph inconsistent with and in addition to the above admissions, and specifically deny characterizations of the letter contained in said paragraph.

14. These Defendants admit only so much of the allegations contained in Paragraph 24 of the Amended Complaint as could be construed to allege that Law Firm filed a collection lawsuit on behalf of Midland Funding, that sought to obtain a judgment in the amount of

$5,880.58, and the lawsuit was filed in Darlington County Court of Common Pleas, Case No. 15-CP-16-0137 (the "Collection Lawsuit"), but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and specifically deny that these Defendants had a duty to provide validation of the debt as they have no record of Plaintiff having requested validation.

15. These Defendants admit only so much of the allegations contained in Paragraph 25 of the Amended Complaint as could be construed to allege that at some point after March 26, 2015, Law Firm received correspondence from Plaintiff dated March 26, 2015, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and crave specific reference to the letter in lieu of the characterization contained within said paragraph.

16. These Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

17. These Defendants admit only so much of the allegations contained in Paragraph 27 of the Amended Complaint as could be construed to allege that Law Firm served Plaintiff with discovery requests, to include Requests for Admissions, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and specifically craves reference to the discovery requests in lieu of the characterization contained within said paragraph.

18. These Defendants admit only so much of the allegations contained in Paragraph 28 of the Amended Complaint as could be construed to allege that Law Firm received a letter from Plaintiff dated June 10, 2015, but deny all other allegations contained in said paragraph

inconsistent with or in addition to the above admissions, and specifically crave reference to the letter in lieu of the characterization contained within said paragraph.

19. These Defendants admit only so much of the allegations contained in Paragraph 29 of the Amended Complaint as could be construed to allege that Law Firm received a letter from Plaintiff dated July 17, 2015, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and specifically crave reference to the letter in lieu of the characterization contained within said paragraph.

20. These Defendants admit only so much of the allegations contained in Paragraph 30 of the Amended Complaint as could be construed to allege that Law Firm filed a Motion for Summary Judgment on behalf of Midland Funding, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions.

21. These Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

22. These Defendants admit only so much of the allegations contained in Paragraph 32 of the Amended Complaint as could be construed to allege that Law Firm filed an affidavit in the Collection Lawsuit signed by Tanya Johnson, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and specifically crave reference to said affidavit in lieu of the characterizations contained within said paragraph.

23. These Defendants admit only so much of the allegations contained in Paragraph 33 of the Amended Complaint as could be construed to allege that the Collection Lawsuit is still pending, but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions.

24. These Defendants lack sufficient knowledge and information upon which to form a belief as to the allegations contained in Paragraph 34 of the Amended Complaint and therefore deny the same.

25. Paragraph 35 of the Amended Complaint contains no allegations against these Defendants, thus no response is required.

26. These Defendants lack sufficient knowledge and information upon which to form a belief as to the allegations contained in Paragraphs 36, 37, 38 and 39 of the Amended Complaint, and therefore deny the same.

27. These Defendants admit only so much of the allegations contained in Paragraph 40 of the Amended Complaint as could be construed to allege that Law Firm submitted an affidavit of Lily Haas in the Collection Lawsuit but deny all other allegations contained in said paragraph inconsistent with or in addition to the above admissions, and specifically crave reference to said affidavit in lieu of the characterizations contained within said paragraph.

28. These Defendants lack sufficient knowledge and information upon which to form a belief as to the allegations contained in Paragraphs 41, 42, 43, 44, 45, 46, 47 and 48 of the Amended Complaint and therefore deny the same.

29. In response to Paragraph 49 of the Amended Complaint, these Defendants reiterate and reallege the contents of all preceding paragraphs as if repeated herein verbatim.

30. These Defendants deny the allegations contained in Paragraphs 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 and 61 of the Amended Complaint.

31. In response to Paragraph 62 of the Amended Complaint, these Defendants reiterate and reallege the contents of all preceding paragraphs as if repeated herein verbatim.

32. These Defendants deny the allegations contained in Paragraphs 63, 64, 65 and 66 of the Amended Complaint.

33. In response to Paragraph 67 of the Amended Complaint, these Defendants reiterate and reallege the contents of all preceding paragraphs as if repeated herein verbatim.

34. Paragraph 68 of the Amended Complaint contains a legal conclusion to which no response is required, but if such a response is required, these Defendants deny the description of South Carolina state law as stated in said paragraph.

35. These Defendants deny the allegations contained in Paragraphs 69, 70, 71 and 72 of the Amended Complaint.

36. In response to Paragraph 73 of the Amended Complaint, these Defendants reiterate and reallege the contents of all preceding paragraphs as if repeated herein verbatim.

37. Paragraph 74 of the Amended Complaint contains a legal conclusion to which no response is required, but if such a response is required, these Defendants deny the description of state and federal law as stated in Paragraph 74 of the Amended Complaint.

38. These Defendants deny that any of its agents or employees were inadequately or improperly trained, and deny all other allegations contained in Paragraph 75 of the Complaint.

39. These Defendants deny the allegations contained in Paragraphs 76 and 77 of the Amended Complaint.

40. In response to Paragraph 78 of the Amended Complaint, these Defendants reiterate and reallege the contents of all preceding paragraphs as if repeated herein verbatim.

41. Paragraph 79 of the Amended Complaint contains a legal conclusion to which no response is required, but if such a response is required, these Defendants deny the description of state and federal law as stated in said paragraph.

42. These Defendants deny that any of its agents or employees were inadequately or improperly trained, and deny all other allegations contained in Paragraph 80 of the Complaint.

43. These Defendants deny the allegations contained in Paragraphs 81, 82 and 83 of the Amended Complaint.

44. These Defendants deny the wherefore clause contained in the Complaint.

## FOR A SECOND DEFENSE

45. Plaintiff has failed to state a cause of action upon which relief can be granted as to some or all of Plaintiff's Amended Complaint.

## FOR A THIRD DEFENSE

46. To the extent Plaintiff's claims are subject to binding, mandatory arbitration, Defendants do not waive, and in fact, expressly reserve the right to compel arbitration prior to substantially invoking the litigation process.

## FOR A FOURTH DEFENSE

47. These Defendants plead that any alleged violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

## FOR A FIFTH DEFENSE

48. To the extent any of the allegations contained in the Amended Complaint are based on averments or statements contained in the Collection Lawsuit, such averments or statements are privileged under a qualified and/or absolute litigation privilege.

## FOR A SIXTH DEFENSE

49. Plaintiff's allegations in Count III for invasion of privacy are specifically denied, but any actions by these Defendants do not invade Plaintiff's private activities or solitude in such

a manner as to constitute unlawful conduct or otherwise to outrage or cause mental suffering, shame, or humiliation.  Alternatively, any such invasion would not offend a person of ordinary sensibilities.

### FOR A SEVENTH DEFENSE

50. These Defendants plead the applicable statute of limitations as a defense to each Count of the Amended Complaint.

### FOR AN EIGHTH DEFENSE

51. These Defendants plead failure to mitigate as a defense to this action.

### FOR A NINTH DEFENSE

52. These Defendants plead waiver, consent, acquiescence and/or estoppel as a defense to Plaintiff's claims.

### FOR A TENTH DEFENSE

53. These Defendants plead Plaintiff's comparative negligence as a complete and affirmative defense and therefore, any judgment against these Defendants should be reduced by the degree of negligence or causation attributed to Plaintiff.

### FOR AN ELEVENTH DEFENSE

54. Plaintiff's claims are barred or limited to the extent she willfully concealed facts.

### FOR A TWELFTH DEFENSE

55. The imposition and awarding of punitive damages in this case is unconstitutional and a denial of this Defendant's constitutional rights and is contrary to the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America, and Article I, Sections 3, 13 and 15 of the Constitution of the State of South Carolina.

## FOR A THIRTEENTH DEFENSE

56. These Defendants reserve the right to assert additional affirmative defenses to the extent warranted by discovery and developments in this case.

March 24, 2016                          TURNER PADGET GRAHAM & LANEY P.A.


                                        s/ *Arthur E. Justice, Jr.*
                                            Arthur E. Justice, Jr.
                                            Fed. ID No. 2261
                                            P.O. Box 5478
                                            Florence, South Carolina  29502
                                            Telephone: (843) 662-9008
                                            Fax: (843) 667-0828

                                        ATTORNEYS FOR DEFENDANTS
                                        CLARKSON LAW FIRM, LLC AND
                                        WYLIE CLARKSON